

SEALED  unsealed 10/131/21

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

UNITED STATES OF AMERICA,

v.

MAMADOU BAH,
a/k/a RICHARD TRAYNHAM,

Defendant.

Criminal Action No. 21-65-UNA



FILED

SEP 28 2021

U.S. DISTRICT COURT DISTRICT OF DELAWARE

### INDICTMENT

The Grand Jury for the District of Delaware charges that:

### COUNT ONE
(Wire Fraud)

*Introduction*

1. In or around early-2019, retail crime personnel at ▬▬▬▬▬▬▬▬▬▬▬▬▬▬ a retail company specializing in home improvement, began investigating a series of credit card transactions all processed under the customer name "Richard Traynham." The transactions, which began on or about May 27, 2018, often occurred multiple times per day and were linked to hundreds of different stolen credit card numbers issued by various foreign banks.

2. During each transaction, MAMADOU BAH a/k/a RICHARD TRAYNHAM ("BAH"), defendant herein, did not use a physical credit card, but instead used a barcode presented on a fake ▬▬▬▬▬ phone application. When scanned, the barcode populated the credit card information for purposes of processing the transaction without the physical credit card needing to be present.

3. While typically a cashier could not process an in-store transaction without a physical credit card, if the transaction was processed as a "phone order," the payment processing software allowed the transaction to go through without the card physically being present.

4. At all times relevant to this indictment,        credit card transactions were processed through Chase Paymentech, which acted as the merchant processing bank for     . In processing a credit card transaction at        Chase Paymentech transfers the credit card details to the credit card network. Chase Paymentech processes payments in New Hampshire, Florida, and Texas.

5. Because at the time of the in-store purchases it was not known that the credit card numbers were fraudulent, the transactions conducted by BAH were approved. Only later was it discovered that the credit card numbers were fraudulently obtained, resulting in a "chargeback" to        indicating that the transaction was unauthorized and fraudulent, and therefore would not be paid.

6. Between on or around May 27, 2018 through around January 2020, the vast majority of BAH's purchases, which were conducted using the phone order process, were gift cards. Each of these gift card purchases was conducted using stolen and fraudulently obtained credit card numbers.

7. However, beginning in and around January and February 2020,        began to implement new security on its payment processing that would not allow the purchase of gift cards using a credit card unless the credit card was physically present in the store and inserted into the credit card machine.

2

8. During the same time period that Lowe's stopped allowing the purchase of gift cards without the use of a physical credit card, BAH stopped purchasing gift cards and began purchasing large quantities of wiring, heaters, electronics, and other fungible goods using the stolen and fraudulent obtained credit card numbers.

9. In and around June 2020, Lowe's began to implement additional new security, disabling all check out terminals from processing a "phone order" of any kind, that is, any transaction without the physical card being present. Instead, those transactions could only be processed at the customer service desk. In and around the same period during which Lowe's was implementing this security change, BAH ceased all purchases from Lowe's.

10. Between on or about May 27, 2018 and on or about June 6, 2020, BAH, using the name Richard Traynham, conducted approximately 1,406 transactions at Lowe's stores across twenty-one (21) states using fraudulently obtained and stolen credit card numbers from various financial institutions.

11. For each of the approximately 1,406 transactions, Lowe's received a "chargeback" indicating that the transaction was unauthorized and fraudulent, and therefore would not be paid. It total, Lowe's received $659,561.46 in "chargeback" losses due to the fraudulent transactions performed by BAH.

*The Scheme and Artifice To Defraud*

12. Beginning on or about May 27, 2018, and continuing through on or about June 6, 2020, BAH engaged in a scheme and artifice to defraud Lowe's by

using stolen and unauthorized credit card information to purchase gift cards and other merchandise.

13. In carrying out the scheme to defraud, BAH used an electronic barcode displayed on a telephone he was using that was connected to the unauthorized credit card information. BAH displayed this barcode to the        employees who were processing his purchases.

14. In furthering the scheme to defraud, BAH provided the fake name "Richard Traynham" while conducting the transactions at

*Charging Paragraph*

15. From on or about May 27, 2018 to on or about June 6, 2020, in the District of Delaware and elsewhere, MAMADOU BAH, defendant herein, having devised and intending to devise a scheme and artifice to defraud, as described in paragraphs 1 through 15 above, incorporated herein by reference, and for the purposes of executing such scheme and artifice to defraud and for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, did knowingly transmit and cause to be transmitted by means of a wire communication in interstate commerce, as set forth below, including, but not limited to, the following:

- On or about May 27, 2018, an electronic transaction from the        store in Middletown, Ohio to Chase Paymentech;

- On or about October 1, 2018, an electronic transaction from the        store in Tigard, Oregon to Chase Paymentech;

4

- On or about September 14, 2019, an electronic transaction from the store in S.E. Greensboro, North Carolina to Chase Paymentech;

- On or about October 22, 2019, an electronic transaction from the store in Middletown, Delaware to Chase Paymentech;

- On or about March 22, 2020, an electronic transaction from the store in Millsboro, Delaware to Chase Paymentech; and

- On or about June 6, 2020, an electronic transaction from the store in Richmond, Virginia to Chase Paymentech.

All in violation of Title 18, United States Code, Section 1343.

## COUNT TWO
(Access Device Fraud)

16. Paragraphs 1-16 are fully incorporated herein.

17. On or about March 22, 2020, in the District of Delaware, MAMADOU BAH, defendant herein, did knowingly and with intent to defraud, use an unauthorized access device, that is, a fraudulently obtained Visa credit card account number ending in 7781 to effect five transactions for merchandise at          , and by such conduct obtained $2,538.95 of merchandise from           affecting interstate commerce in that the transactions were processed by Chase Paymentech and the Visa credit card ending in 7781 was issued by Royal Bank of Canada, a financial institution operating in interstate and foreign commerce.

All in violation of Title 18, United States Code, Section 1029(a)(2).

5

## NOTICE OF FORFEITURE

Upon conviction of the offense alleged in Count One of this Indictment, BAH, defendant herein, shall forfeit to the United States, pursuant to 18 U.S.C. Section 981(a)(1)(C) and 28 U.S.C. Section 2461(c), any property constituting, or derived from, proceeds obtained directly or indirectly as a result of the said violation. Upon conviction of the offense alleged in Count Two of this Indictment, BAH, defendant herein, shall forfeit to the United States, pursuant to 18 U.S.C. Section 982(a)(2)(B), 18 U.S.C. Section 1029(c)(1)(C), 18 U.S.C. Section 981(a)(1)(C), and 28 U.S.C. Section 2461(c), any property constituting, or derived from, proceeds obtained directly or indirectly, as a result of the said violation and any personal property used or intended to be used to commit the violation.

If the above-described forfeitable property, as a result of any act or omission of the defendant:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be divided without difficulty;

///

the United States shall be entitled to forfeiture of substitute property, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

A TRUE BILL:

_____
Foreperson

DAVID C. WEISS
United States Attorney

BY: _____
Alexander P. Ibrahim
Assistant United States Attorney

DATED: September 28, 2021