IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MAMADOU BAH,<br>aka Richard Traynham, | : | |
| Movant/Defendant, | : | |
| v. | : | Crim. Act. No. 21-65-RGA<br>Civ. Act. No. 24-278-RGA |
| UNITED STATES OF AMERICA, | : | |
| Respondent/Plaintiff. | : | |

---

Mamadou Bah. *Pro se* Petitioner.

Alexander P. Ibrahim, Assistant United States Attorney, United States Department of Justice, Wilmington, Delaware. Attorney for Respondent.

---

**MEMORANDUM OPINION**

December 3, 2024
Wilmington, Delaware

ANDREWS, UNITED STATES DISTRICT JUDGE:

Before the Court is Movant Mamadou Bah's *pro se* Motion to Vacate, Set Aside, or Correct Sentence. (D.I. 62) For the reasons discussed, Claim One will be denied without holding an evidentiary hearing. In contrast, the Court concludes that Claim Two cannot be resolved without an evidentiary hearing pursuant to Rule 8 of the Rules Governing Section 2255 proceedings. Specifically, Movant is entitled to an evidentiary hearing to establish if he did actually direct defense counsel to file a direct appeal on his behalf.

**I.   BACKGROUND**

On February 22, 2023, Movant signed a waiver of indictment and pled guilty to a Superseding Information charging him with aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1) & (c)(5). (D.I. 41; D.I. 42; D.I. 43) The Court sentenced Movant to two years of imprisonment on July 19, 2023.[1] (D.I. 55)

On December 27, 2023, Movant filed a letter Motion to Appoint Counsel, alleging that defense counsel did not file a notice of appeal on his behalf. (D.I. 57) The Court ordered the Government to respond to the letter Motion. The Government responded that the letter Motion should be construed to be a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (D.I. 59) The Court issued an Order construing Movant's letter Motion to Appoint Counsel as a § 2255 motion, and provided Movant with an AEDPA Election Form. (D.I. 60) On February 22, 2024, Movant filed the AEDPA Election Form indicating he wished to withdraw his letter Motion to Appoint Counsel. (D.I. 61) On March 1, 2024, Movant filed a Motion to

---

[1] According to the Bureau of Prison Inmate Locator, Mr. Bah was no longer in the custody of the Bureau of Prisons as of October 11, 2024.

Vacate, Set Aside, or Correct Sentence. (D.I. 62) The Government filed an Answer in opposition on May 3, 2024. (D.I 73)

Thereafter, on August 15, 2024, Movant filed a letter Motion for Reduction in Restitution Owed. (D.I. 74) The Government filed a Response in opposition on September 3, 2024. (D.I. 76)

## II. DISCUSSION

Movant's § 2255 Motion asserts two claims for relief: (1) defense counsel provided ineffective assistance by failing to advise Movant of the immigration consequences he would experience as a result of pleading guilty; and (2) defense counsel provided ineffective assistance by not filing a direct appeal despite Movant asking him to do so.[2]

As a general rule, ineffective assistance of counsel claims are reviewed pursuant to the two-pronged standard established in *Strickland v. Washington,* 466 U.S. 668 (1984). Under the first ("performance") prong of the *Strickland* standard, a movant must demonstrate that "counsel's representation fell below an objective standard of reasonableness," with reasonableness being judged under professional norms prevailing at the time counsel rendered assistance. *Id.* at 688. Under the second ("prejudice") prong of the *Strickland* standard, a movant must demonstrate a reasonable probability that, but for counsel's error, the outcome of the proceeding would have been different. *See id.* at 694; *United States v. Nahodil,* 36 F.3d 323, 326 (3d Cir. 1994). In the context of a guilty plea, a movant satisfies *Strickland*'s prejudice

---

[2] The appellate and collateral attack waiver in Movant's Plea Agreement does not preclude Movant from raising a claim of ineffective assistance. (D.I. 43 at ¶ 10) Thus, the Court does not need to address the validity of the waiver prior to addressing Movant's ineffective assistance of counsel allegations in Claims One and Two.

2

prong by demonstrating that, but for counsel's error, there is a reasonable probability that he would have insisted on proceeding to trial instead of pleading guilty. *See Hill v. Lockhart*, 474 U.S. 52, 58 (1985).

A court can choose to address the prejudice prong before the deficient performance prong, and also can reject an ineffective assistance of counsel claim solely on the ground the movant did not satisfy one of the prongs. *See Strickland,* 466 U.S. at 697-98 ("[T]here is no reason for a court deciding an ineffective assistance of counsel claim ... to address both components of the inquiry if the defendant makes an insufficient showing on one."). Although not insurmountable, the *Strickland* standard is highly demanding and leads to a strong presumption that counsel's representation was professionally reasonable. *Id.* at 689.

### A. Claim One: Defense Counsel Failed to Inform Movant of Immigration Consequences

Movant contends that defense counsel rendered ineffective assistance by failing to inform him about the immigration consequences he would experience as a result of pleading guilty. For the reasons set forth below, the Court concludes that Claim One does not warrant relief.

It is well-settled that "[s]olemn declarations in open court carry a strong presumption of verity" that create a "formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Here, the transcript of Movant's plea colloquy contains his clear and explicit statements that: (1) he was not under the influence of alcohol, medication or narcotic drugs (D.I. 73-1 at 6); (2) he understood what was going on during the plea colloquy (*Id.*); (3) he understood he was waiving the right to be indicted (*Id.* at 8-9); (4) he had reviewed the plea agreement with defense counsel and was "fully satisfied" with counsel's advice (*Id.* at 9); (5) he understood the terms of the plea agreement and had no questions (*Id.* at 9-10); (6) he understood

3

he was required to make restitution in the amount of $756, 716. 24 (*Id.* at 13); (7) he had not been threatened or forced to enter a guilty plea (*Id.* at 14); (8) he understood his immigration status would be affected by him entering a guilty plea to a felony that involves dishonesty and imprisonment, and understood that "it's a virtual certainty that [his] conviction will result in [him] being subject to deportation" (*Id.* at 14-15); (9) he understood he was waiving his right to appeal and collaterally attack his conviction and sentence (*Id.* at 16); and (10) he admitted his guilt to the charges (*Id.* at 21-22). In addition, Paragraph Nine of the Plea Agreement explicitly states that Movant "recognizes that pleading guilty will have consequence with respect to his immigration status as he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which the defendant is pleading guilty." (D.I. 43 at 3 ¶ 9)

Movant's unsupported allegation in this proceeding that defense counsel did not inform him of the immigration consequences fails to provide compelling evidence as to why the statements he made during the plea colloquy should not be presumptively accepted as true. Applying *Blackledge*, the Court finds that Movant is bound by the representations he made during the plea colloquy and in his Plea Agreement. Additionally, Movant's contention that defense counsel failed to inform him about immigration consequences is contradicted by trial counsel's affidavit averring that counsel "specifically advised [Movant] that he should expect removal proceedings in immigration court." (D.I. 68-1 at 1) Given these circumstances, the Court concludes that Movant has failed to demonstrate that the advice defense counsel provided about Movant's immigration consequences fell below an objective standard of reasonableness.

Even if defense counsel failed to advise Movant about the immigration consequences he would face, the record demonstrates that Movant was informed of those consequences during the plea colloquy. For instance, the Court informed Movant that his immigration status would be affected by him entering a guilty plea to a felony that involves dishonesty and imprisonment, and that "it's a virtual certainty that [his] conviction will result in [him] being subject to deportation." (*Id*. at 14-15) Movant acknowledged that he understood. (*Id*. at 15) The transcript of the plea colloquy also demonstrates that Movant was present when the Court and defense counsel engaged in the following discourse:

> COURT: But the net result of all of this is he's going to be deported, right?
>
> DEFENSE COUNSEL: Not necessarily. I mean, he's going to face – he may face deportation proceedings because this is an aggravated felony conviction, but [Movant] is in status currently in the United States. He is a legal resident.
>
> COURT: Yeah, but when you're an alien and you get convicted of a fraud-type aggravated felony, isn't it pretty automatic that he gets deported?
>
> DEFENSE COUNSEL: I don't believe 'automatic' would be the appropriate word. He will certainly face a removal proceeding, but he has the ability to mount a defense in that proceeding and he intends to do so.

(D.I. 73-1 at 27-28)

Based on the foregoing, Movant has not established prejudice under *Strickland*. Any alleged deficiency in counsel's performance – and the Court is not saying that there was any – was cured by the plea agreement and plea colloquy. The record demonstrates that Movant was given sufficient notice that he could suffer serious immigration consequences (including deportation) if he entered a guilty plea.

5

Accordingly, the Court will deny Claim One.

### B. Claim Two: Defense Counsel Did Not File An Appeal

In Claim Two, Movant contends that defense counsel provided ineffective assistance by failing to file a direct appeal on Movant's behalf despite Movant's "continued requests" for him to do so. (D.I. 62 at 6)

"[A] more specific version of the *Strickland* standard applies" when a movant alleges that defense counsel provided ineffective assistance by failing to appeal. *Harrington v. Gillis*, 456 F.3d 118, 125 (3d Cir. 2006). In *Roe v. Flores–Ortega,* 528 U.S. 470, 477 (2000), the United States Supreme Court adopted a two-step analysis to use in failure-to-appeal case when evaluating "deficient performance" under *Strickland*. The first step is to determine if the movant expressly asked counsel to file a notice of appeal. If the movant did expressly ask counsel to file an appeal, and counsel failed to do so, counsel is *per se* ineffective because *Strickland* prejudice is presumed. The *Flores–Ortega* Court explained that a "lawyer who disregards specific instructions from the [movant] to file a notice of appeal acts in a manner that is professionally unreasonable[; movant] is entitled to a new appeal without showing that his appeal would likely have had merit." *Id.* at 477. This presumption of prejudice applies even if the movant signed an appeal waiver. *See Garza v. Idaho*, 586 U.S. 232, 246-47 (2019) ("We hold today that the presumption of prejudice recognized in *Flores-Ortega* applies regardless of whether a defendant has signed an appeal waiver.").

If the movant did not clearly tell counsel whether he wanted an appeal filed, the issue becomes whether counsel consulted with the movant about an appeal. *See Flores-Ortega,* 528

6

U.S. at 478. In this context, "consult" means "advising the movant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the movant's wishes." *Id.* "If counsel has consulted with the movant, the question of deficient performance is easily answered: Counsel performs in a professionally unreasonable manner only by failing to follow the [movant's] express instructions with respect to an appeal." *Id.* However, if defense counsel failed to consult with the movant about an appeal, courts must "ask a second, and subsidiary, question: whether counsel's failure to consult with the [movant] itself constitutes deficient performance." *Flores-Ortega,* 528 U.S. at 478. Counsel's failure to consult with the movant constitutes deficient performance when "there is reason to think either (1) that a rational [movant] would want to appeal (for example, because there are nonfrivolous grounds for an appeal), or (2) that this particular [movant] reasonably demonstrated to counsel that he was interested in appealing." *Id.* at 480. When undertaking this inquiry, a court must consider "whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the [movant] seeks an end to judicial proceedings." *Id.* However, "[i]n cases when the [movant] pleads guilty, the court must consider such factors as whether the [movant] received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights." *Id.* Finally, if a movant shows that defense counsel's failure to consult with him constitutes deficient performance, he must show prejudice by "[demonstrating] that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Id.* at 484.

7

As a threshold matter, the Court must determine whether an evidentiary hearing is necessary on the factual issue whether Movant expressly instructed defense counsel to file a notice of appeal. Referring to defense counsel's affidavit where counsel explicitly denies that Movant directed him to file an appeal, the Government contends that the Court should both deny Claim Two and refrain from holding an evidentiary hearing on the issue because Movant's "allegation is contradicted conclusively by the record." (D.I. 73 at 10) More specifically, the Government asserts:

> [Movant's] claims are sufficiently contradicted by the record and patently frivolous. Defense counsel's sworn affidavit conclusively states that defense counsel 'visited [Movant] at the Federal Detention Center in Philadelphia after the sentencing and he stated that he did not wish to appeal.' This stands in stark contrast to [Movant's] allegation, which is woefully deficient and does not entitle him to an evidentiary hearing. [Movant] does not allege when, where, or how [he] requested a notice of appeal. [Movant] merely alleges in a conclusory manner that he sought an appeal. From this, the Court cannot even conclude that the purported instruction came within the time limits that would have allowed for a timely appeal. In contrast, Defense Counsel's sworn affidavit contains a specific recollection that [Movant] did not want an appeal after an in-person discussion on the topic, a fact that is supported by [Movant's] previous knowing, voluntary, and intelligent decision to agree to an appellate waiver in his plea agreement. It is also corroborated by the fact that [Movant] received the exact sentence he anticipated receiving when he pleaded guilty – the two year mandatory minimum

(D.I. 73 at 10)

"The bar for obtaining an evidentiary hearing on a § 2255 motion is low." *United States v. Arrington*, 13 F.4th 331, 336 (3d Cir. 2021). Section 2255 requires a court to hold an evidentiary hearing on a prisoner's claim "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). "[W]hen

8

a defendant is convicted of a crime and alleges that his lawyer failed to appeal the conviction, and there is a potential factual dispute on this issue, the defendant is entitled to a hearing before the district court to prove that he made the request and that the lawyer failed to honor it. However, a defendant would not be entitled to a hearing if his allegations [in the habeas corpus motion] were contradicted conclusively by the record, or if the allegations were patently frivolous." *Solis v. United States*, 252 F.3d 289, 295 (3d Cir. 2001). "In assessing whether a hearing is necessary, the court must accept the truth of the movant's factual allegations unless they are clearly frivolous or contradicted by the record." *United States v. Valenta*, 2022 WL 265876, at *2 (3d Cir. Jan. 28, 2022). "If ... a claim, when taken as true and evaluated in light of the existing record, states a colorable claim for relief under *Strickland*, then further factual development in the form of a hearing is required." *United States v. Haisten*, 50 F.4th 368, 372-73 (3d Cir. 2022). "[A] hearing must be held if the claim does not conclusively fail either prong of the *Strickland* test." *Id.* at 373. In sum, if the § 2255 motion "allege[s] any facts warranting relief under § 2255 that are not clearly resolved by the record, the District Court [is] obligated to follow the statutory mandate to hold an evidentiary hearing." *United States v. McCoy*, 410 F.3d 124, 131 (3d Cir. 2005).

The instant ineffective assistance of counsel claim involves a communication between Movant and defense counsel that occurred "outside the courtroom and upon which the record could, therefore, cast no real light." *Machibroda v. United States*, 368 U.S. 487, 494-95 (1962). While defense counsel's affidavit contradicts Movant's assertion, it also creates a factual dispute that cannot be clearly resolved by the existing record. *See Schaeffer v. United States*, 2023 WL 3480892, at *5 (M.D. Pa. May 16, 2023) (noting that defense counsel's affidavit contradicting

9

Schaeffer's allegations "does not render Shaeffer's allegations clearly frivolous or contradicted by the record."). Consequently, as required by Third Circuit precedent, at this juncture the Court accepts as true Movant's contention that he directed defense counsel to file an appeal.[3] Since Movant's allegation demonstrates that defense counsel's performance *may* have been deficient under *Flores-Ortega*, the Court is required to hold an evidentiary hearing. *Accord Witthar v. United States*, 793 F.3d 920, 923 (8th Cir. 2015) ("When a district court receives conflicting statements – one from a § 2255 petitioner and one from her former counsel – the court cannot make a factual determination based on the relative credibility of these individuals without the benefit of an evidentiary hearing. If neither statement is facially incredible and both contain similar specificity regarding when the alleged appeal-request took place (or did not take place), counsel's contrary statement simply is insufficient to support a finding that the petitioner's allegations cannot be accepted as true.") (cleaned up). Thus, the Court will address the merits of Claim Two following the evidentiary hearing.

Early in his underlying criminal proceeding, the Court determined Movant was financially unable to retain counsel and appointed an attorney from the Office of the Federal Public Defender for the District of Delaware to represent him. (*See* D.I. 6) Because the Court will be holding an evidentiary hearing in this matter, and the Office of the Federal Public Defender would have a conflict, the Court will direct the Clerk of the Court to appoint CJA counsel to represent Movant during that hearing. *See* Rule 8(c), Rules Governing Section 2255 Proceedings, 28 U.S.C. foll. § 2255 pursuant to 18 U.S.C. § 3006A.

---

[3]The Court also cannot determine that Movant's allegation is clearly frivolous.

10

### III. LETTER MOTION TO REDUCE RESTITUION AMOUNT OWED

During the pendency of the instant proceeding, Movant filed a letter Motion to Reduce Restitution Amount Owed. (D.I. 74) Movant asks the Court to modify the restitution Order from $733, 677.65 to an amount under $10,000, because the current restitution Order "affects his immigration status." (*Id.*)

"[A]n order of restitution is a final judgment," and a court cannot modify or adjust the total restitution amount unless one of the limited exceptions set forth in 18 U.S.C. § 3664(o) applies. None of those limited exceptions apply in this case. For instance, Movant's sentence has not been: "corrected under Rule 35" (18 U.S.C. § 3664(o)(1)(A)); "appealed and modified under section 3742" (18 U.S.C. §3664(o)(1)(B)); "amended" upon discovery of additional losses by the victim (18 U.S.C. § 3664(o)(1)(C)); or "adjusted" based on his economic circumstances (18 U.S.C. § 3664(o)(1)(D)). Therefore, the Court will deny the Motion to Reduce Restitution Amount Owed.

### IV. EVIDENTIARY HEARING

A district court is not required to hold an evidentiary hearing on a motion filed pursuant to 28 U.S.C. § 2255 if the "motion and the files and records of the case conclusively show" that the movant is not entitled to relief. 28 U.S.C. § 2255; *see also United States v. Booth*, 432 F.3d 542, 545-46 (3d Cir. 2005); *McCoy*, 410 F.3d at 131;Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 8(a), 28 U.S.C. foll. § 2255. As previously discussed, the Court will hold an evidentiary hearing to further develop the facts with respect to Claim Two.

However, the Court concludes that an evidentiary hearing is not warranted for Claim One, because the record conclusively demonstrates that Movant is not entitled to relief under § 2255 for that Claim.

## V. CERTIFICATE OF APPEALABILITY

A district court issuing a final order denying a § 2255 motion must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011). A certificate of appealability is appropriate only if the movant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The movant must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

The Court will not issue a certificate of appealability for Claim One, because reasonable jurists would debate the Court's conclusion that these three Claims do not warrant relief under § 2255. The Court will refrain from determining if a certificate of appealability should issue for Claim Two until it makes a final determination following the evidentiary hearing for that Claim.

## VI. CONCLUSION

For the reasons discussed, the Court will deny Claim One without holding an evidentiary hearing or issuing a certificate of appealability. The Court, however, will reserve judgment on Claim Two until it has held an evidentiary hearing. The Court will issue an Order consistent with this Memorandum Opinion.